Matter of Bykhovsky v Garanin (2026 NY Slip Op 00370)

Matter of Bykhovsky v Garanin

2026 NY Slip Op 00370

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-13303
 (Docket No. O-851-24)

[*1]In the Matter of Eirena Bykhovsky, respondent,
vVsevolod Sergeevich Garanin, appellant.

Vsevolod Sergeevich Garanin, Staten Island, NY, appellant pro se.
Joan Iacono, Scarsdale, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of fact-finding and disposition of the Family Court, Richmond County (Alexandra Byun, Ct. Atty. Ref.), dated October 28, 2024. The order of fact-finding and disposition, insofar as appealed from, after a hearing, found that the father committed the family offense of disorderly conduct and directed the issuance of an order of protection in favor of the mother and the parties' older child and against the father.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The parties have two children together, born in 2018 and 2020. In 2024, the mother commenced this family offense proceeding pursuant to Family Court Act article 8 against the father, alleging that he committed various family offenses against her and the older child. After a hearing, the Family Court, inter alia, found that the father committed the family offense of disorderly conduct and directed the issuance of an order of protection in favor of the mother and the older child and against the father. The father appeals.
In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record" (Matter of Malcolm v Arnold, 238 AD3d 1042, 1043 [internal quotation marks omitted]; see Matter of Mills v Frost, 237 AD3d 715, 716).
Here, a fair preponderance of the evidence adduced at the hearing supports the Family Court's finding that the father committed the family offense of disorderly conduct (see Penal Law § 240.20; Family Ct Act § 812[1]; Matter of Mills v Frost, 237 AD3d at 716; Matter of Lynch v Jimenez, 230 AD3d 496, 498). The court was presented with sharply conflicting accounts by the parties regarding the subject incident, and the court's determination to credit the testimony of the mother, the maternal grandfather, and a police officer over the testimony of the father and the paternal grandfather is supported by the record (see Matter of Malcolm v Arnold, 238 AD3d at 1043; Matter of Mills v Frost, 237 AD3d at 716).
The father's remaining contentions are unpreserved for appellate review and, in any event, without merit.
BARROS, J.P., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court